**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**NOV 5 2001**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

ELEANOR M. GLASS,

  Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE;
ROY ROMERO, Associate Chief of
the Internal Revenue Service,

  Defendants-Appellees.

No. 01-2112
(D.C. No. CIV-00-1563)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

  Ms. Eleanor M. Glass, proceeding *pro se*, appeals the district court's

dismissal of her case. Ms. Glass brought suit in district court under the Internal

Revenue Code and the U.S. Constitution against agents of the Internal Revenue

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Service (IRS) contesting that agency's determination of her liability for income taxes, seeking to halt the agency's collection efforts, and claiming the agency violated her Constitutional and statutory procedural rights. The district court dismissed her suit for lack of subject matter jurisdiction. The district court also denied Ms. Glass's motion requesting that the district court issue an order stating its findings of fact and conclusions of law. For the reasons stated below, we affirm the denial of the motion for a memorandum of decision, affirm the dismissal of Ms. Glass's other claims for lack of jurisdiction, but hold the suit should have been dismissed "without prejudice."[1]

While appellant is correct that Federal Rule of Civil Procedure 52(a) requires that a court, in a trial without a jury, make findings of fact and conclusions of law, that rule also provides that it is "sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following

---

[1]In addition to the district court's dismissal on jurisdictional grounds and its denial of the motion for a memorandum or opinion, Ms. Glass also raises numerous substantive claims on appeal, which essentially dispute her liability under the U.S. Tax Code and the power of and proper procedure for the IRS and the Tax Court to determine and collect on this liability. These claims include whether: 1) the Tax Court has authority to adjudicate whether a liability exists or a deficiency exists; 2) Ms. Glass was denied her due process rights in the administrative hearing provided by the agency; 3) the district court erred when it defined her wages as income; 4) the IRS has used "proper procedures" in its assessments of her tax liability; and 5) the IRS has adequately established the fact and amount of her actual tax deficiency. Aplt. br. at 11-12. Because we affirm the district court's disposition of this case on jurisdictional grounds, as discussed below, we do not reach the merits of Ms. Glass's additional claims.

the close of the evidence . . . ." Fed. R. Civ. P. 52(a). The district court stated in its order denying Ms. Glass's motion that its statements in open court would serve as adequate statements of the court's findings of fact and conclusions of law. We agree these statements are adequate for this court to conclude that the basis for the district court's dismissal was lack of subject matter jurisdiction. We therefore hold the district court did not err in denying Ms. Glass's motion for a memorandum or opinion providing in writing the factual and legal basis of the dismissal.

We next address the jurisdictional issues. The Internal Revenue Service notified Ms. Glass in 1998 that it had determined she was deficient in her tax payments for failing to pay income tax for the years 1994-96. Ms. Glass was later notified that the agency was pursuing a levy on her property to collect on the alleged tax deficiency. After the IRS issued the levy determination notice, Ms. Glass requested and obtained an administrative hearing with the agency, at which she argued unsuccessfully that she has no tax liability under the Tax Code. Ms. Glass then sought to challenge the IRS's proceedings against her by bringing suit in federal district court, alleging a host of statutory and constitutional violations. The district court dismissed all of her claims with prejudice for lack of subject matter jurisdiction.

The U.S. Tax Court has jurisdiction over many types of claims related to

the Tax Code, Title 26. The Tax Court's jurisdiction is exclusive for certain types of claims, thus depriving the district court of jurisdiction over those claims. With regard to Ms. Glass's claims that she is not liable for taxes, the IRS determined that she is liable for income taxes, a type of tax liability over which the Tax Court has jurisdiction. 26 U.S.C. §§ 7441-42. *See also* 26 U.S.C. §§ 1, 61, 63 (imposing income tax liability, and defining gross income and taxable income). The Tax Court has exclusive jurisdiction over petitions for the redetermination of tax deficiencies, the means of challenging the merits of a tax deficiency determination. 26 U.S.C. § 6213. With regard to Ms. Glass's claim challenging the levy on her property, the Tax Court has exclusive jurisdiction over appeals of levy determinations as long as it has jurisdiction over the underlying tax liability that the IRS has alleged. 26 U.S.C. § 6330(d)(1)(A). As stated above, the Tax Court has jurisdiction over the underlying liability at issue in this case, so it also has exclusive jurisdiction over Ms. Glass's levy determination appeal. Therefore the district court did not err in dismissing her claims under the Tax Code for lack of jurisdiction.

Moreover, the district court has no jurisdiction over Ms. Glass's constitutional procedural due process claims. District courts have no jurisdiction over civil claims challenging taxes unless litigants first pay the assessed tax and then raise these claims in a refund suit. *See* 26 U.S.C. 7421(a) (prohibiting suits

-4-

to restrain assessment or collection of taxes); *see also Flora v. United States*, 362 U.S. 145 (1960) (holding 28 U.S.C. § 1346(a), which gives district courts jurisdiction over civil suits challenging tax assessments, requires full payment of assessed tax prior to suit). Therefore, it was proper to dismiss these claims for lack of jurisdiction as well.

The district court dismissed Ms. Glass's claims with prejudice. However, dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, and dismissal should have been without prejudice. *See Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 182 (3rd Cir. 1999) (holding claims dismissed for lack of jurisdiction should be dismissed without prejudice even if litigant may not later pursue those claims in federal court).

We **AFFIRM** the district court's denial of the motion for a memorandum of decision, **AFFIRM** the district court's dismissal for lack of jurisdiction, but **REVERSE** the district court's dismissal with prejudice and **REMAND** to enable the district court to dismiss this action without prejudice.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge